SUMMARY ORDER

Petitioners Chang Qing Chen and Xiuy-ing Lin, natives and citizens of the People’s Republic of China, seek review of two September 28, 2007 orders of the BIA denying their motions to reopen. In re Chang Qing Chen, No. A070 892 608 (B.I.A. Sept. 28, 2007); In re Xiuying Lin, No. A075 833 397 (B.I.A. Sept. 28, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
As an initial matter, contrary to the petitioners’ argument, the BIA did not err in construing their motion as a motion to reopen because they sought consideration of extra-record evidence. See Ke Zhen *583 Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 90-91 (2d Cir.2001). We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying petitioners’ motion to reopen.
Petitioners argue that the BIA erred in concluding that they failed to demonstrate their prima facie eligibility for relief based on the birth of their U.S. citizen children. However, we have previously reviewed the BIA’s consideration of evidence similar to that which petitioners submitted and have found no error in its conclusion that such evidence was insufficient to establish a reasonable possibility of persecution. See id. at 169-73 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
Moreover, contrary to petitioners’ argument, the BIA did not violate their due process rights by taking administrative notice of a 2007 U.S. Department of State report without providing them an opportunity to challenge such report. Indeed, as the government notes, the BIA did not take administrative notice of the 2007 report simply by citing a prior precedential decision in which the report was considered. Regardless, insofar as the BIA’s decision can be construed as relying on the 2007 report, the BIA did not violate petitioners’ due process rights because such report did not form the sole basis for denying their motion to reopen. See Jian Hui Shao, 546 F.3d at 167-68.
For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).